**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**JUL 27 2010**

JAMES N. HATTEN, CLERK
By: [signature]

WELLSTAR HEALTH SYSTEM, INC., )
)
    Plaintiff, )
)
v. )
)
COMPANION THIRD PARTY )
ADMINISTRATORS, LLC, )
)
    Defendant. )

**TWT**

CASE NO. _____
**1:10-CV-2353**

## NOTICE OF REMOVAL

TO:   The Judges of the United States District Court for the Northern
District of Georgia, Atlanta Division

COMES NOW, Defendant Companion Third Party Administrators, LLC

("Companion TPA") and hereby respectfully shows the Court the following:

1.

A civil action has been brought against Defendant Companion TPA in the

State Court of Forsyth County, State of Georgia, by the above-named Plaintiff, said

action being designated as Civil Action No. 10-SC-1878.

2.

In the Forsyth County action, the Plaintiff is seeking an amount in excess of $75,000.00.

3.

To the best of Companion TPA's knowledge and belief, Plaintiff is now, was at the commencement of this suit, and at all times since, a corporation organized and existing under the laws of the State of Georgia, having its principal place of business in Georgia.

4.

Defendant Companions TPA, is now, was at the time of the commencement of this suit, and at all times since, a corporation organized and existing under the laws of the State of South Carolina, having its principal place of business in South Carolina.

5.

Defendant Companion TPA attaches hereto a copy of the Summons, Sheriff's Entry of Service Form and Complaint served on Companion TPA in the State Court of Forsyth County, Georgia, marked as Exhibit "A."

6.

Defendant Companion TPA attaches hereto a true and correct copy of its Answer marked as Exhibit "B."

7.

Counsel for Defendant Companion TPA, Melissa C. Patton, has filed herewith a Verification attached hereto as Exhibit "C."

8.

Now, within thirty (30) days after service of the Complaint, Defendant Companion TPA files this Notice of Removal of said action to this Court.

9.

This action is removable by reason of diversity of citizenship of the parties, there appearing to be being more than $75,000.00 in controversy, exclusive of interest and costs.

WHEREFORE, Defendant Companion Third Party Administrators, LLC files this Notice of Removal of said cause to this Court.

Respectfully submitted this 26th day of July, 2010.

WEBB, ZSCHUNKE, NEARY
& DIKEMAN, LLP

By: _____
MARVIN D. DIKEMAN
Georgia State Bar No. 221760

By: _____
MELISSA C. PATTON
Georgia State Bar No. 187560

One Securities Centre, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 264-1080 / phone
(404) 264-4520 / fax

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Kenneth D. Jones, Esq.
Michael J. Jacobs, Esq.
Hall, Booth, Smith & Slover, P.C.
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303

This 26th day of July, 2010.

By: _____
    MELISSA C. PATTON
    Georgia State Bar No. 187560

One Securities Centre, Suite 1210
3490 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 264-1080 / phone
(404) 264-4520 / fax

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE

JUN 1 6 2010

CLERK SUPERIOR COURT

| | | |
|---|---|---|
| WELLSTAR HEALTH SYSTEM, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE NO. |
| COMPANION THIRD PARTY ADMINISTRATORS, LLC, | ) ) ) | 10SC-1878 |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff WellStar Health System, Inc. ("WellStar") hereby files its Complaint against Defendant Companion Third Party Administrators, LLC ("Companion TPA") for breach of contract, negligence, breach of fiduciary duty, promissory estoppel, punitive damages, and attorneys' fees and litigation expenses. In support of this Complaint, WellStar respectfully shows this Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff WellStar is a Georgia corporation. Its corporate headquarters is located in Cobb County, Georgia.



EXHIBIT
A

2.

Defendant Companion TPA is a South Carolina limited liability company that transacts business in the State of Georgia. Effective February 1, 2008, Companion TPA acquired the third-party administrative services business of Claims Management Services, Inc. ("CMS"), a Georgia corporation. Therefore, Companion TPA is the successor in interest to CMS for purposes of the claims set forth in this Complaint.

3.

Companion TPA may be served with process through its registered agent, Coy R. Johnson, 112 N. Main Street, Cumming, Forsyth County, Georgia 30040.

4.

By virtue of having a registered agent in Forsyth County, Companion TPA is subject to jurisdiction and venue in this Court.

## FACTUAL BACKGROUND

5.

WellStar and CMS executed a claims service agreement dated September 29, 2006 (the "Agreement"). Pursuant to the Agreement, CMS was to perform workers' compensation claims administration services for WellStar. In return for these services, WellStar was required to pay minimum annual fees of $100,000.00 to CMS plus additional costs and expenses set forth in the Agreement. The Agreement was effective for a three-year term beginning on September 1, 2006. A true and accurate

2

copy of the Agreement between WellStar and CMS is attached hereto as Exhibit 1 and is incorporated by reference as though fully set forth herein.

6.

Companion TPA acquired CMS, or the relevant portions of CMS's business, during the term of the Agreement. Companion TPA is the successor in interest to the rights and duties of CMS under the Agreement.

7.

The Agreement contained the following provision: "CMS, Inc., will do whatever is necessary to preserve and support any loss recovery rights which may inure to the benefit of Wellstar, and shall pursue such rights to a conclusion." Agreement at 4.

8.

The Agreement also provided: "CMS, Inc., will, on behalf of Wellstar, create and file proper and timely reports of claims to the excess insurance carrier, following the criteria set forth by such carrier, and maintain general liaison with the carrier with regard to those claims that may exceed the self-insured retention." Id.

9.

CMS and WellStar had a business relationship that predated the Agreement. As part of this prior relationship, CMS furnished workers' compensation claims administration services to WellStar, and WellStar paid fees to CMS for these services.

3

10.

Gloria Middleton is a former employee of WellStar or a predecessor in interest of WellStar. Ms. Middleton sustained an on-the-job injury in 1994. CMS, and later Companion TPA, acted as the workers' compensation claims administrator on WellStar's behalf with respect to Ms. Middleton's workers' compensation claim (the "Middleton Claim"). The Middleton Claim was one of the claims that CMS and Companion TPA administered for WellStar pursuant to the Agreement.

11.

WellStar had a self-insured retention (SIR) of $225,000.00 on the Middleton Claim. After WellStar had paid $225,000.00 of its own funds on the Middleton Claim, its excess insurance policy was to cover any amount above $225,000.00. WellStar's excess insurance carrier with respect to the Middleton Claim was American International Group, Inc. (AIG).

12.

WellStar exceeded its SIR for the Middleton Claim. However, in July 2008, AIG denied excess insurance coverage to WellStar because CMS and Companion TPA had not followed AIG's reporting requirements for the Middleton Claim.

4

## COUNT I
## BREACH OF CONTRACT

13.

WellStar hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14.

The Agreement was a valid, binding contract between CMS and Companion TPA, on the one hand, and WellStar, on the other, for the three-year period beginning on September 1, 2006.

15.

In the Agreement, CMS promised to "do whatever is necessary to preserve and support any loss recovery rights which may inure to the benefit of Wellstar, and shall pursue such rights to a conclusion." Agreement at 4.

16.

By failing to follow AIG's reporting requirements for the Middleton Claim consistent with the excess insurance policy that AIG had issued to WellStar, CMS and Companion TPA failed to do whatever was necessary to preserve and support any loss recovery rights which inured to the benefit of WellStar, and further failed to pursue those rights to their conclusion. Therefore, CMS and Companion TPA breached their Agreement with WellStar.

5

17.

In the Agreement, CMS further promised to "create and file proper and timely reports of claims to the excess insurance carrier, following the criteria set forth by such carrier." Id.

18.

CMS and Companion TPA failed to create and file proper and timely reports of claims to AIG, and failed to follow the criteria set forth by AIG for such reporting, as was promised to WellStar in the Agreement. Therefore, CMS and Companion TPA breached their Agreement with WellStar.

19.

In the Agreement, CMS further promised to "maintain general liaison with the carrier with regard to those claims that may exceed the self-insured retention." Id.

20.

CMS and Companion TPA did not maintain general liaison with AIG with regard to the Middleton Claim, which exceeded WellStar's self-insured retention for such claim. Had CMS and Companion TPA maintained general liaison with AIG as promised in the Agreement, CMS, Companion TPA, and WellStar would have become aware of the failures to follow reporting requirements at an earlier juncture, and damages arising from these failures could have been averted or mitigated.

6

Because they failed to maintain general liaison with AIG, CMS and Companion TPA breached their Agreement with WellStar.

21.

On information and belief, CMS had one or more other contracts with WellStar that predated September 1, 2006, and that were breached as a result of failures by CMS to follow AIG's reporting requirements with respect to the Middleton Claim consistent with the excess insurance policy that AIG had issued to WellStar.

22.

As a result of the contractual breaches described hereinabove, Companion TPA, the successor in interest to CMS, is liable to WellStar for the amount by which WellStar's payments on the Middleton Claim have exceeded its SIR for this claim.

## COUNT II
## NEGLIGENCE

23.

WellStar hereby incorporates by reference the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.

WellStar engaged CMS as its workers' compensation claims administrator with the expectation that CMS would communicate with WellStar's excess insurance carrier for the Middleton Claim, AIG, on a regular basis, and would take all steps that needed to be taken to preserve WellStar's rights under its excess insurance policy.

7

28.

The failures of CMS and Companion TPA to act with due care and reasonable

diligence as WellStar's workers' compensation claims administrator have caused

WellStar to suffer damages because WellStar has had to bear expenses arising from

the Middleton Claim that otherwise would have been covered by its excess insurance

policy with AIG. The negligent omissions of CMS and Companion TPA were a direct

and proximate cause of AIG's denial of coverage to WellStar for costs and expenses

arising from the Middleton Claim.

29.

As a result of the negligence described hereinabove, Companion TPA, the

successor in interest to CMS, is liable to WellStar for the amount by which WellStar's

payments on the Middleton Claim have exceeded its SIR for this claim.

## COUNT III
## BREACH OF FIDUCIARY DUTY

30.

WellStar hereby incorporates by reference the allegations contained in

Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.

As the workers' compensation claims administrator acting on WellStar's behalf,

CMS and Companion TPA were in a special relationship of trust and confidence with

WellStar.

9

32.

CMS and Companion TPA violated this special relationship of trust and confidence by failing to communicate with WellStar's excess insurance carrier for the Middleton Claim, AIG, on a regular basis, and by failing to take steps that were necessary and required to preserve WellStar's rights under its excess insurance policy.

33.

The violations by CMS and Companion TPA of their special relationship of trust and confidence with WellStar have directly and proximately caused WellStar to suffer damages because WellStar has had to bear expenses arising from the Middleton Claim that otherwise would have been covered by its excess insurance policy.

34.

For breaching fiduciary duties that were owed to WellStar, Companion TPA, the successor in interest to CMS, is liable to WellStar for the amount by which WellStar's payments on the Middleton Claim have exceeded its SIR for this claim.

## COUNT IV
## PROMISSORY ESTOPPEL

35.

WellStar hereby incorporates by reference the allegations contained in Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.

CMS and Companion TPA promised to create and file proper and timely reports of claims to AIG, WellStar's excess insurance carrier.

37.

CMS and Companion TPA further promised to maintain general liaison on WellStar's behalf with WellStar's excess insurance carrier.

38.

CMS and Companion TPA further promised to do whatever was necessary to preserve and support any loss recovery rights which might inure to the benefit of WellStar, and to pursue such rights to a conclusion, including WellStar's rights under the AIG excess policy.

39.

WellStar changed its position to its detriment in reliance upon the promises of CMS and Companion TPA by, among other things, paying certain fees to CMS and Companion TPA.

40.

CMS and Companion TPA reasonably should have expected WellStar to rely on the promises they made.

11

41.

Injustice to WellStar can only be avoided by enforcing the promises made by CMS and Companion TPA, and therefore Companion TPA, the successor in interest to CMS, is liable to WellStar for the amount by which WellStar's payments on the Middleton Claim have exceeded its SIR for this claim.

## COUNT V
## PUNITIVE DAMAGES

42.

WellStar hereby incorporates by reference the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.

In acting negligently and in breaching their fiduciary duties, CMS and Companion TPA showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences, thereby entitling WellStar to recover punitive damages from Companion TPA, the successor in interest to CMS, in an amount to be determined at trial to deter such wrongful conduct in the future.

## COUNT VI
## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

44.

WellStar hereby incorporates by reference the allegations contained in Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.

CMS and Companion TPA have acted in bad faith, have been stubbornly litigious, and/or have caused WellStar unnecessary trouble and expense.

46.

Consequently, WellStar is entitled to recover from Companion TPA, the successor in interest to CMS, WellStar's expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, in satisfaction of its claims for breach of contract, negligence, breach of fiduciary duty, promissory estoppel, punitive damages, and attorneys' fees and litigation expenses, WellStar demands that judgment be entered against Companion TPA for the amount by which WellStar's payments on the Middleton Claim have exceeded its SIR for this claim, plus punitive damages, attorneys' fees and litigation expenses, and such additional relief as this Court may deem just and proper.

**PLAINTIFF WELLSTAR DEMANDS A TRIAL BY JURY.**

13

Respectfully submitted, this 16th day of June, 2010.

HALL, BOOTH, SMITH & SLOVER, P.C.

KENNETH D. JONES
Georgia Bar No. 402101
MICHAEL J. JACOBS
Georgia Bar No. 388288

191 Peachtree Street
Suite 2900
Atlanta, Georgia  30303
(404) 954-5000
(404) 954-5020 facsimile

*Attorneys for Plaintiff*
*WellStar Health System, Inc.*

14

SHERIFF'S ENTRY OF SERVICE                           SC-85-2                    CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

| Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|
| State Court | ☑ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Civil Action No. _10-SC-1818_

Date Filed _6/10/2010_

Georgia, _Forsyth_ COUNTY

_WellStar Health System, Inc._

**Attorney's Address**

Michael J. Jacoby, Esq.
Hall, Booth, Smith + Slover, P.C.
191 Peachtree Street, Suite 2900
Atlanta, GA 30303

Plaintiff

VS.

**Name and Address of Party to be Served.**

Companion Third Party Administrators, LLC

c/o Coy R. Johnson, Registered Agent

112 N. Main Street

Cumming, GA 30040

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐  Served the defendant _COY R. JOHNSON_ a corporation by leaving a copy of the within action and summons with _COY R JOHNSON RA _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☑  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON-EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _9_ day of _JUNE_, 20_10_

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

259.50

SUMMONS                    SC-85-1                    Clyde Castleberry Co., Covington, GA 30015

# IN THE SUPERIOR/~~STATE~~ COURT OF __Forsyth__ COUNTY

## STATE OF GEORGIA

_WellStar Health System, Inc._     CIVIL ACTION NUMBER ___10SC-1898___

_____

_____

PLAINTIFF

VS.

_Companion Third Party_
_Administrators, LLC_

_____

DEFENDANT

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE

JUN 1 6 2010

CLERK SUPERIOR COURT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_Michael J. Jacobs, Esq._
_Hall, Booth, Smith & Slover, P.C._
_191 Peachtree Street, Suite 2900_
_Atlanta, GA 30303_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __16__ day of ___June___, 20_10_.

Clerk of Superior/State Court

BY ___Greg G Allen___

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WELLSTAR HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION No. 10-SC-1878 |
| v. | ) | |
| | ) | |
| COMPANION THIRD PARTY | ) | |
| ADMINISTRATORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW, Companion Third Party Administrators, LLC ("Companion TPA"), Defendant in the above styled action, and hereby timely files its Answer to Plaintiff's Complaint, pursuant to the Georgia Civil Practice Act, by showing this Honorable Court the following:

### FIRST DEFENSE

Plaintiff's Complaint, including each Count thereof, fails to state a claim against Companion TPA upon which relief can be granted.

### SECOND DEFENSE

No act or omission by Companion TPA was the proximate cause of the damages alleged in the Plaintiff's Complaint.   Accordingly, the Plaintiff's



EXHIBIT
B

Complaint must be dismissed.

### THIRD DEFENSE

If the evidence shows that the Plaintiff's alleged damages were caused by the Plaintiff or by other persons or entities for which Companion TPA is not liable, this lawsuit must be dismissed.

### FOURTH DEFENSE

Any obligations Companion TPA may have assumed from Claims Management Services, Inc. ("CMS") did not begin until February 1, 2008. Companion TPA is not liable for any alleged acts or omissions occurring before that date.

### FIFTH DEFENSE

Pursuant to the terms of the Asset Purchase Agreement, CMS is obligated to indemnify Companion TPA and hold it harmless for the acts and/or omissions alleged in the Plaintiff's Complaint. Accordingly, in the event Companion TPA is found liable to Plaintiff in this action, *which Companion TPA respectfully submits is not the case*, CMS will be liable for any judgment entered, plus costs and attorneys fees.

## SIXTH DEFENSE

In response to the specific allegations contained in the Plaintiff's Complaint, and without waiving the defenses previously raised by Companion TPA, as well as those which may be raised in the future, if necessary, Companion TPA states the following:

### PARTIES, JURISDICTION AND VENUE

1.

The allegations contained in paragraph 1 of Plaintiff's Complaint are admitted.

2.

Companion TPA is a South Carolina limited liability company that transacts business in the State of Georgia. Effective February 1, 2008, Companion TPA acquired certain third party administrative services contracts from CMS. The remaining allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3.

The allegations contained in paragraph 3 of Plaintiff's Complaint are admitted.

3

4.

The allegations contained in paragraph 4 of Plaintiff's Complaint are admitted. By way of further response, Companion TPA shows that it is removing this case to the United States District Court for the Northern District of Georgia.

FACTUAL BACKGROUND

5.

A copy of the Agreement referenced in paragraph 5 of the Plaintiff's Complaint was not attached to Companion TPA's service copy of the Complaint. The remaining allegations contained in paragraph 5 of Plaintiffs' Complaint for Damages are admitted.

6.

Companion TPA and CMS entered into an Asset Purchase Agreement effective February 1, 2008. Pursuant to said Agreement, Companion TPA purchased certain contracts and assumed certain obligations. The remaining allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7.

Companion TPA admits that the quoted language appears in the Claims Service Agreement. The remaining allegations contained in paragraph 7 of Plaintiff's Complaint are denied.

8.

Companion TPA admits that the quoted language appears in the Claims Service Agreement. The remaining allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9.

To the best of Companion TPA's knowledge and information, the allegations contained in paragraph 9 of Plaintiff's Complaint are admitted.

10.

To the best of Companion TPA's knowledge and information, Gloria Middleton is a former employee of WellStar. Ms. Middleton sustained an on-the-job injury in 1994. CMS acted as the workers' compensation claims administrator, on WellStar's behalf, with respect to Ms. Middleton's claim. Companion TPA did not have any duties or obligations with respect to the Middleton claim prior to February 1, 2008. At the time the Asset Purchase Agreement was executed, the Middleton claim was in the process of being settled. The remaining allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.

To the best of Companion TPA's knowledge and information, the allegations contained in paragraph 11 of Plaintiff's Complaint are admitted.

5

## COUNT I
## BREACH OF CONTRACT

### 13.

Companion TPA incorporates by reference its responses to paragraphs 1 through 12 of the Plaintiff's Complaint as if fully set forth verbatim herein.

### 14.

The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied as stated.

### 15.

Companion TPA admits that the quoted language appears in the Claims Service Agreement.   The remaining allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

### 16.

The allegations contained in paragraph 16 of the Plaintiff's Complaint are denied as to Companion TPA.

### 17.

Companion TPA admits that the quoted language appears in the Claims Service Agreement.   The remaining allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

6

18.

The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied as to Companion TPA.

19.

Companion TPA admits that the quoted language appears in the Claims Service Agreement. The remaining allegations contained in paragraph 19 of Plaintiff's Complaint are denied.

20.

The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied as to Companion TPA.

21.

Companion TPA does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

The allegations contained in paragraph 22 of the Plaintiff's Complaint are denied as to Companion TPA.

## COUNT II
## NEGLIGENCE

23.

Companion TPA incorporates by reference its responses to paragraphs 1 through 22 of the Plaintiff's Complaint as if fully set forth verbatim herein.

24.

Companion TPA does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Companion TPA does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Companion TPA's obligations beginning February 1, 2008 are set forth in the Asset Purchase Agreement. The remaining allegations contained in paragraph 26 of Plaintiff's Complaint are denied as to Companion TPA.

27.

The allegations contained in paragraph 27 of Plaintiff's Complaint are denied as to Companion TPA.

28.

The allegations contained in paragraph 28 of Plaintiff's Complaint are denied as to Companion TPA.

29.

The allegations contained in paragraph 29 of Plaintiff's Complaint are denied as to Companion TPA.

### COUNT III
### BREACH OF FIDUCIARY DUTY

30.

Companion TPA incorporates by reference its responses to paragraphs 1 through 29 of the Plaintiff's Complaint as if fully set forth verbatim herein.

31.

Companion TPA's obligations beginning February 1, 2008 are set forth in the Asset Purchase Agreement. The remaining allegations contained in paragraph 31 of Plaintiff's Complaint are denied as to Companion TPA.

32.

The allegations contained in paragraph 32 of Plaintiff's Complaint are denied as to Companion TPA.

33.

The allegations contained in paragraph 33 of Plaintiff's Complaint are denied as to Companion TPA.

34.

The allegations contained in paragraph 34 of Plaintiff's Complaint are denied as to Companion TPA.

## COUNT IV
## PROMISSORY ESTOPPEL

35.

Companion TPA incorporates by reference its responses to paragraphs 1 through 34 of the Plaintiff's Complaint as if fully set forth verbatim herein.

36.

Companion TPA's obligations beginning February 1, 2008 are set forth in the Asset Purchase Agreement. The remaining allegations contained in paragraph 36 of Plaintiff's Complaint are denied as to Companion TPA.

37.

Companion TPA's obligations beginning February 1, 2008 are set forth in the Asset Purchase Agreement. The remaining allegations contained in paragraph 37 of Plaintiff's Complaint are denied as to Companion TPA.

38.

Companion TPA's obligations beginning February 1, 2008 are set forth in the Asset Purchase Agreement. The remaining allegations contained in paragraph 38 of Plaintiff's Complaint are denied as to Companion TPA.

39.

The allegations contained in paragraph 39 of Plaintiff's Complaint are denied as to Companion TPA.

40.

The allegations contained in paragraph 40 of Plaintiff's Complaint are denied as to Companion TPA.

41.

The allegations contained in paragraph 41 of Plaintiff's Complaint are denied as to Companion TPA.

## COUNT V
## PUNITIVE DAMAGES

42.

Companion TPA incorporates by reference its responses to paragraphs 1 through 41 of the Plaintiff's Complaint as if fully set forth verbatim herein.

43.

The allegations contained in paragraph 43 of Plaintiff's Complaint are denied as to Companion TPA.

## COUNT VI
## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

44.

Companion TPA incorporates by reference its responses to paragraphs 1 through 43 of the Plaintiff's Complaint as if fully set forth verbatim herein.

45.

The allegations contained in paragraph 45 of Plaintiff's Complaint are denied as to Companion TPA.

46.

The allegations contained in paragraph 46 of Plaintiff's Complaint are denied as to Companion TPA.

47.

The allegations contained in the unnumbered paragraph beginning and/or entitled "WHEREFORE" are denied.

## SEVENTH DEFENSE

All allegations contained in the Plaintiff's Complaint, which were not specifically admitted, are herein denied.

## EIGHTH DEFENSE

If the evidence shows that the defenses of estoppel and/or waiver are applicable to the Plaintiff's claims against Companion TPA, the Plaintiff's Complaint must be dismissed.

WHEREFORE, having fully answered according to the information currently available, while expressly reserving its right to amend this Answer after discovery and further information is obtained, Defendant Companion Third Party Administrators, LLC hereby respectfully demands judgment in its favor, that all costs and reasonable attorney's fees be cast against the Plaintiff, a trial by jury of twelve persons as to all issues of material fact, and all other relief that this Honorable Court may deem just and proper.

Respectfully submitted,

WEBB, ZSCHUNKE, NEARY &
DIKEMAN, LLP

By: _____
MARVIN D. DIKEMAN
Georgia State Bar No. 221760

By: _____
MELISSA C. PATTON
Georgia State Bar No. 187560

13

One Securities Centre, Suite 1210
3490 Piedmont Road
Atlanta, GA 30305
(404) 264-1080

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Kenneth D. Jones, Esq.
Michael J. Jacobs, Esq.
Hall, Booth, Smith & Slover, P.C.
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303

This 26th day of July, 2010.

By: _____
      MELISSA C. PATTON
      Georgia State Bar No. 187560

WEBB, ZSCHUNKE, NEARY & DIKEMAN
One Securities Centre
Suite 1210
3490 Piedmont Road
Atlanta, Georgia 30305
(404) 264-1080 / phone
(404) 264-4520 / fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLSTAR HEALTH SYSTEM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE No. _____ |
| v. | ) **1:10-CV-2353** |
| | ) |
| COMPANION THIRD PARTY | ) |
| ADMINISTRATORS, LLC, | ) |
| | ) |
| Defendant. | ) |

## **VERIFICATION**

Personally appeared before me the undersigned officer duly authorized by law to administer oaths, MELISSA C. PATTON, first being duly sworn, deposes that she is counsel for Companion Third Party Administrators, LLC and that the allegations contained in the foregoing Notice of Removal are true and correct.

_____
MELISSA C. PATTON
Georgia State Bar No. 187560

Sworn to and subscribed before me
this 26th day of July, 2010.

_____
Notary Public
My Commission Expires:

June 14, 2011

STEPHANIE BROWNING
NOTARY
EXPIRES
GEORGIA
JUNE 14, 2011
PUBLIC
COBB COUNTY

EXHIBIT
C

*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 27 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

WELLSTAR HEALTH SYSTEM, INC.,          )
                                        )
        Plaintiff,                      )
                                        )       CASE NO. _____
v.                                      )
                                        )       **1:10-CV-2353**
COMPANION THIRD PARTY                   )
ADMINISTRATORS, LLC,                    )
                                        )
        Defendant.                      )

## VERIFICATION

Personally appeared before me the undersigned officer duly authorized by law to administer oaths, MELISSA C. PATTON, first being duly sworn, deposes that she is counsel for Companion Third Party Administrators, LLC and that the allegations contained in the foregoing Notice of Removal are true and correct.

_____
MELISSA C. PATTON
Georgia State Bar No. 187560

Sworn to and subscribed before me
this 26th day of July, 2010.

_____
Notary Public
My Commission Expires:

June 14, 2011

STEPHANIE BROWNING
NOTARY
EXPIRES
GEORGIA
JUNE 14, 2011
PUBLIC
COBB COUNTY